UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO. 4: 24-CV-313--MW/MJF

LEROY THOMAS, A/K/A,
LEEROY A THOMAS,

  PLAINTIFF.

V.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION, AND
MR. GARY GENSLER, CHAIRMAN OF THE
UNITED STATES SECURITIES
& EXCHANGE COMMISSION,

  DEFENDANTS.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE
UNITED STATES SECURITIES AND EXCHANGE COMMISSION AND
GARY GENSLER TO HOLD CASE IN ABEYANCE, OR IN THE ALTERNATIVE,
RESET THE RETURN DATE TO RESPOND TO THIS COMPLAINT
UNTIL 60 DAYS AFTER PLAINTIFF HAS PROPERLY EFFECTUATED SERVICE**

Since 1997, Plaintiff LeRoy Thomas ("Thomas" or "Plaintiff") has filed numerous frivolous actions against the United States Securities and Exchange Commission ("Commission"), including his most recent complaint before this Court ("Complaint') against the Commission and its Chair, Gary Gensler. These actions, at their core, relate to his efforts to have courts compel the Commission to

investigate or to hold the Commission liable for failing to investigate his claims that others stole approximately $1.5 million dollars in "missing securities" allegedly awarded to him in 1995. As every court addressing these claims has recognized, these claims are meritless. In granting the Commission's Motion to Dismiss in *Leroy Thomas v. SEC et al.*, Case 1: 03-civ-23429-Seitz/Bandstra (S.D. Fla. May 10, 2004) (Exhibit 1) ("2004 Litigation"), Judge Seitz issued an injunction ("2004 Injunction") against Thomas requiring him to "first obtain leave of this Court before filing any claims related to or originating from the 'missing securities.'" (Ex. 1 at 10). We are unaware that Thomas requested such leave before filing his Complaint in this matter.

Concurrent with this Motion, the Commission is filing a motion in the 2004 Litigation informing the Southern District of Florida ("SD FLA") of Plaintiff's unauthorized filing of his Complaint and requesting that it issue an Order to Show Cause to Plaintiff as to why he has not violated the 2004 Injunction. As such, the Commission requests that this Court hold this matter in abeyance and stay all deadlines in this case, including all dates for the Commission to respond to this Complaint, until the SD FLA determines whether Plaintiff violated the 2004 Injunction.[1]

---

[1] In addition, Plaintiff has failed to comply with the requirements in Fed. R. Civ. P. 4(i)(1) and 4(i)(2) to serve this Complaint on the United States Attorney's Office for the Northern District of Florida and on the U.S. Attorney General. *See*

## BACKGROUND

### A. Factual and Procedural History

All of Plaintiff's suits appear to center around the following allegations by Thomas. He alleged that in 1978 a "church" awarded him 1 million dollars towards his "born Christian Saint Mission." Complaint at 4. The church's representative, Robert D. McNally, Jr., purportedly used those funds to purchase securities from Chase Securities Inc., naming Thomas as beneficiary. *Id*. Thomas further alleged that: (1) the securities contract stipulated that Thomas could possess and cash the securities only when he married and joined a church prior to his 50th birthday. *Id*. at 5; (2) in 1995, Thomas signed a document agreeing for Gregory Drejza ("Drejza") to cash the securities to pay Thomas' debts. *Id*.; and (3) Drejza allegedly stole the now $1.575 million in securities and gave the funds to New Birth Baptist Church pastor Victor Tyrone Curry. *Id*.

Since 1995, Thomas has been suing various parties both in state and federal

---

Documents 3 and 5 on Docket Sheet (Summons issued and returned only on the Commission and its Chair, Gary Gensler). The undersigned contacted the Civil Process Clerk at the U.S. Attorney's Office and confirmed that they have not been served with a summons or complaint in this matter. In the event that the Court denies the Commission's request to hold the case in abeyance, the Commission respectfully requests that the deadline for responding to this Complaint be reset until 60 days after Plaintiff properly effectuates service. *See, e.g., Bernard v. IRS*, 1991 WL 327960. *3 (N.D. Fla. Dec. 13, 1981) (dismissing complaint without prejudice where plaintiff failed to serve Attorney General and the United States Attorney).

courts concerning his allegedly stolen securities.[2]  In 1995, Plaintiff filed his first complaint concerning his "missing securities" against American Express, Inc. ("AES") and American Express Travel Related Services, Inc. ("AETRS") in Florida State Court.[3]  There, he alleged that the AETRS employees gave him mind-altering drugs and attempted to steal his securities. Ex. 1 at 2.  This case was ultimately dismissed with prejudice. *Id*.  Despite this dismissal with prejudice, Plaintiff filed several additional suits against AES, AETRS and their employees involving the "missing securities."  These cases were all subsequently dismissed based on *res judicata*. *Id*. at 2-3.

In 1997, Thomas sought to involve the Commission in his efforts to recover the purported missing securities.  He first sought to compel the Commission to investigate his claims in a petition for writ of mandamus to the U.S. Circuit Court of Appeals for the Eleventh Circuit, which denied his petition and his motion for reconsideration. *In Re Thomas*, No. 99-13646-J (11th Cir. Dec. 2, 1999 and Mar. 3, 2000) (Ex. 1 at 3). Thomas then filed a mandamus petition with the U.S.

---

[2] This history is summarized in Judge Seitz's Order Granting the Defendants' Motions to Dismiss with Prejudice and Granting Defendants' Motions to Enjoin Plaintiff Leroy Thomas From Filing Further Pleadings or Process Without Leave of Court.  *See* Exhibit 1.

[3] *Leroy Thomas v. American Express, Inc. and American Express Travel Related Services, Inc.*, filed in the 17th Judicial Circuit for Broward County, Case No. 95-015638 (25).

Supreme Court, which was also denied. *In Re Leroy Thomas*, 531 U.S. 810 (2000). *Id*.

In May 2000, plaintiff filed another action based on the "missing securities" in *Thomas v. SEC, the Chase Manhattan Corporation, Chase Securities, Inc., Michael O'Conner, and Gregory J. Drejza*, Case No. 00-1305-CIV-JORDAN (S.D. Fla.). (Ex. 1 at 3). In addition to suing the other defendants for supposedly stealing his purported "missing securities," Plaintiff sought to compel the Commission to investigate his claims under the Privacy Act of 1974, 5 U.S.C. 552(a). *Id*. On October 31, 2001, the court dismissed his claims against Chase Manhattan Corporation, Chase Securities, Inc., and Michael O'Conner for a variety of reasons including improper service, insufficient basis for personal jurisdiction, and failure to state a claim.[4] On November 20, 2001, the Court granted Drejza's Motion for Summary Judgment based on *res judicata*.[5] Finally, with respect to the Commission, the Court concluded that, as a matter of law, neither the Privacy Act nor any other statute authorized a suit to compel an agency to investigate a particular matter. *Id*. Thomas appealed this dismissal to the Eleventh Circuit which affirmed the district court's decision. *Thomas v. United States SEC*, No. 01-

---

[4] *See* Docket Sheet No. 154 in *Thomas v. SEC, the Chase Manhattan Corporation, Chase Securities, Inc., Michael O'Conner, and Gregory J. Drejza*, Case No. 00-1305-CIV-JORDAN (S.D. Fla.).

[5] *Id*., Docket Sheet No. 165.

5

17233 (11th Cir. Jun. 19, 2002). *Id*. The Eleventh Circuit also denied Thomas' petition for writ of mandamus in which he requested that the Court compel the district court to compel the Commission to conduct an investigation into the missing securities. *In re Leroy Thomas*, No. 02-11187-E (11th Cir. May 2, 2002). *Id*. at 3-4.

Then, in connection with a bankruptcy petition,[6] Thomas in 2003 again moved to compel the Commission to investigate his "missing securities" and claimed that defendant Gregory J. Drejza had taken fraudulent possession of $1 million of these missing securities. *See In re Leroy Thomas*, Case No. 02-21615-CIV-Moore (S.D. Fla. Jan 31, 2003). (Ex. 1 at 4). This argument was rejected by the Bankruptcy Judge and by Judge Moore, who also denied Plaintiff's Motion for Reconsideration on February 13, 2003. On May 23, 2003, the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. *Id*.

Separately, in 2002, Thomas wrote to the Commission again complaining about his "missing securities." *Id*. The Commission informed Thomas, by letter dated October 20, 2002, that it could not provide any further assistance on his complaint. *Id*. Thomas then attempted to appeal this letter to the Eleventh Circuit to review how the Commission had investigated his allegations and argued that the Commission had improperly closed his matter without a proper investigation. *Id*.

---

[6] *In Re* LeRoy Thomas, Case No. 02-11452-AJC (Bankr. S.D. Fla. 2002).

*See Thomas v. SEC*, No. 03-11645-J, (11th Cir. 2003). On April 28, 2003, the Eleventh Circuit dismissed his appeal for lack of jurisdiction and, on July 8, 2003, denied his request for reconsideration. *Id*.

In 2003, Plaintiff again filed suit against the Commission and others in the SD FLA alleging injuries stemming from the "missing securities." *See Thomas v. William H. Donaldson, United States Securities and Exchange Commission, Gregory J. Drezja, Kenneth Chenault, American Express, Ind., and American Express Travel Related Serviced (sic)*, Case No. 1:03-CIV-Seitz/Bandstra, (S.D. Fla.). (Ex. 1 at 4). There, he alleged that (1) the SEC should have had copies of documents relating to the investigation of his claims; (2) the SEC failed to collect information about his missing securities and a writ of mandamus should be issued to compel an investigation of his claims; (3) by failing to provide information about his securities to the bankruptcy court, the Commission caused dismissals of his bankruptcy petition and prevented him from receiving any relief in that matter; (4) the SEC failed and/or refused to maintain proper records which entitles him to damages; (5) the SEC should be enjoined in the manner it conducts its investigation; and (6) the SEC's failure here deprived him of his due process rights under the Fourteenth Amendment and other unspecified civil rights. *Id*. at 5. Judge Seitz dismissed his claims on *res judicata* and further held that any claims that might have escaped the *res judicata* bar would be dismissed for failure to state

7

a claim under Rule 12(b)(6). *Id*. at 7-10. Finally, in finding that "several courts have issued final judgments on the merits regarding these same 'missing securities,'" and citing *Richard v. Prudential Ins. Co.*, 307 F.3d 1277, 1297-1300 (11th Cir. 2002), an Eleventh Circuit decision on vexatious litigants, Judge Seitz issued an injunction against Thomas enjoining him from filing any further pleading related to or originating from the "missing securities" against the Commission and requiring Thomas to "first obtain leave of *this* Court before filing any claims relating to or originating from the 'missing securities.'" *Id*. at 10. (Emphasis added).

### B. Plaintiff's 2024 Complaint

Two decades after being enjoined from filing any more cases related to the "missing securities" without leave of the SD FLA, Plaintiff filed his current Complaint. It rehashes many of the same allegations against the Commission and prior defendant Drezja about his "missing securities" that the courts have previously dismissed.[7] In Count I of his Complaint, Plaintiff seeks judicial review of the Commission's letter dated January 30, 2024, informing Thomas that it did

---

[7]In the fact section of his Complaint, Thomas (1) claims that Drejza stole his $1.575 million in securities; (2) that the Commission knew about this crime; and (3) references some of his prior cases listed above that were dismissed. Thomas does not refer to the 2004 decision where Judge Seitz issued the 2004 Injunction. Complaint at 5-8.

not have the documents that he requested under the FOIA statute concerning his prior complaints about the "missing securities" because those files had been deleted in accordance with the Commission's retention schedule.  Complaint at 9-14.  Specifically, Thomas requests judicial review on "whether the SEC 1) should have marked the requested files/records for a longer retention period and/or 2) failed to comply with Statute 2 CFR 200.300 – requiring records/files from its inquiry be retained until all complaints and disputes are resolved."[8]  Complaint at 13.  He further requests the court issue an "order releasing copies of said records necessary to litigate recovery of [his] stolen security funds" if the court finds that the Commission improperly withheld the requested files and that they can be produced.  *Id*.  Finally, Thomas requests the Court (1) order the Commission to "mediate" recovery of his stolen securities from another party if it finds that the Commission deleted the records improperly, or (2) by using the Commission's disgorgement process, refund his stolen securities totaling $2,232,518 million dollars which includes $1.575 million for the stolen securities, plus $157,000 in interest, $500,000 in loss of business, and $18 for cost of a certified letter.[9]  *Id*. at 14.

---

[8] 2 CFR 200.300 specifies the standards for managing and administering Federal awards.

[9] This adds up to $2,232,018 not $2,232,518.

9

In addition, in Count II of his Complaint, Plaintiff seeks a writ of mandamus from the Court compelling the Commission "to conduct a thorough or and complete investigation into said securities and make public their findings as soon as possible." *Id.* at 22. In Count III of his Complaint, Plaintiff makes allegations purportedly under the Administrative Procedure Act and refers to the allegations and requests he made in the previous 2 counts. *Id.* at 22-29. He also requests a ruling by the Court on whether any delay by the Commission contributed to the statute of limitations expiring on his alleged claims. *Id.* at 29.

## ARGUMENT

Beginning in 1997, Plaintiff made factual allegations and meritless claims against the Commission surrounding his purported "missing securities" that have been summarily dismissed by the Bankruptcy Court, the SD FLA, the Eleventh Circuit and the Supreme Court and which resulted in the current 2004 Injunction issued by Judge Seitz. Nevertheless, Plaintiff seeks to circumvent Judge Seitz's 2004 Injunction by filing this Complaint in this Court, alleging the same facts as underlay his repeatedly dismissed claims, including that the Commission should have conducted a more thorough investigation concerning his claims that someone stole his "missing securities," without seeking leave of court from the SD FLA. The Commission has filed a Motion in the SD FLA informing the court that Plaintiff has improperly filed this Complaint concerning the "missing securities" in

the Northern District of Florida without first seeking leave of the SD FLA to file such complaint and requesting that SD FLA issue an Order to Show Cause why Plaintiff is not in violation of the 2004 Injunction.

The Commission respectfully requests that this Court hold this matter in abeyance, including staying all dates for the Commission to respond to the Complaint, until the SD FLA decides whether Plaintiff has violated Judge Seitz's 2004 Injunction and whether leave should be granted for him to file this Complaint.  If the Court denies this motion, the Commission requests that the date for it to respond to this Complaint be reset until 60 days after Plaintiff complies with the service requirements in Fed. R. Civ. P. 4(i)(1) and 4(i)(2) and properly effectuates service.  If the Commission's motion to hold this matter in abeyance is

granted, the Commission will file monthly status reports with the Court concerning any ongoing actions in the SD FLA involving Plaintiff's 2004 Injunction.

Respectfully submitted,

TOM KARR
ASSISTANT GENERAL COUNSEL
DC BAR NO. 426340


*/s/Philip J. Holmes*
PHILIP J. HOLMES
SPECIAL TRIAL COUNSEL
DC Bar No. 416757

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5163 (Karr)
Fax: (202) 772-9263
karrt@sec.gov

OCTOBER 2, 2024

## LOCAL RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that I conferred with Plaintiff by telephone on October 2, 2024, and he opposed the relief requested in this Motion.

## LOCAL RULE 7.1(F) CERTIFICATION

I HEARBY CERTIFY that this memorandum contains 2640 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that I electronically filed the foregoing Motion and Memorandum of Law with the Clerk of the Court using CM/ECF and a true and correct copy of the forgoing was served by email and overnight mail on October 2, 2024, on plaintiff, Leroy Thomas at the following address:

LEROY THOMAS
493 SW TRAM ROAD
GREENVILLE, FL  33331
JFT05000@GMAIL.COM

>                              */s/ Philip J. Holmes*
>                              Philip J. Holmes