# EXHIBIT 1

**CLOSED**
**CIVIL**
**CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-23429 CIV-SEITZ/BANDSTRA

LEROY THOMAS,
a/k/a LeeRoy A. Thomas,

    Plaintiff,

v.

WILLIAM H. DONALDSON, UNITED STATES
SECURITIES & EXCHANGE COMMISSION,
GREGORY J. DREJZA, KENNETH CHENAULT,
AMERICAN EXPRESS, INC., and AMERICAN
EXPRESS TRAVEL RELATED SERVICES, INC.,

    Defendants.
_____/



FILED by ___ D.C.

MAY 7 2004

CLARENCE MADDOX
CLRP. U.S. DIST. CT.
S. D. OF FLA. MIAMI

## ORDER GRANTING THE DEFENDANTS' MOTIONS
## TO DISMISS WITH PREJUDICE AND GRANTING DEFENDANTS' MOTIONS TO ENJOIN
## PLAINTIFF LEROY THOMAS FROM FILING FURTHER PLEADINGS OR PROCESS
## WITHOUT LEAVE OF COURT

THIS CAUSE is before the Court on the Motion to Dismiss of Defendants William H. Donaldson, Commissioner of the United States Securities and Exchange Commission, ("Donaldson"), and the United States Securities and Exchange Commission ("SEC") (collectively the "SEC Defendants") [D.E. 31] and the Motion to Dismiss of Defendants Gregory J. Drejza[1] ("Drejza"), Kenneth Chenault[2] ("Chenault"), American Express, Inc., and American Express Travel Related Services, Inc. (collectively the "AETRS" Defendants). [D.E. 33]. In his First Amended Complaint, [D.E. 7], *pro se* Plaintiff[3] Leroy Thomas ("Thomas") alleges

---

[1] Gregory J. Drejza is a manager for American Express, Inc. and American Express Travel Related Services, Inc.

[2] Kenneth Chenault is Executive Vice-President and Chief Information Officer for American Express, Inc. and American Express Travel Related Services, Inc.

[3] Plaintiff has filed his Complaint and various motions listing U.S. Senator Bill Nelson as a third-party plaintiff. Bill Nelson did not authorize his name to be used in this lawsuit and has requested the Court dismiss his name from the suit. [D.E. 48]. This Motion is granted.

that the AETRS Defendants stole his "securities," and that the SEC Defendants failed to investigate this theft claim and refused to assist him in his 2002 bankruptcy proceedings which caused him injury. After review of the parties' pleadings and the record, the Court will dismiss this action with prejudice because Plaintiff's claims are part of the same cause of action previously litigated to final judgment on the merits against him, and therefore, barred by the principle of *res judicata*. Those claims arguably not barred by the doctrine of *res judicata* fail to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court now turns to: (1) the procedural background of this action and the factual allegations raised in Plaintiff's First Amended Complaint; and (2) the Defendants' *res judicata* and Rule 12(b)(6) arguments.

## Procedural and Factual Background

### A. Record History

In 1995, Plaintiff filed his first lawsuit in the state case of Leroy Thomas v. American Express, Inc. and American Express Travel Related Services, Inc. filed in the 17th Judicial Circuit for Broward County, Case No. 95-015638 (25). In that case, Plaintiff alleged that AETRS employees gave him mind-altering drugs, attempted to kill him, and steal his "securities." On January 21, 1997, the state court dismissed Plaintiff's Fifth Amended Complaint in its entirety and with prejudice. However, despite this dismissal with prejudice, **Plaintiff filed multiple suits against AES, AETRS,** and their employees in the United States District Court for the Southern District of Florida arising from the alleged "missing securities." See Thomas v. McNally, et. al., No. 97-2663-CIV-GRAHAM (S.D. Fla.); Thomas v. American Express, et. al., No. 97-7364-CIV-ZLOCH (S.D. Fla.); Thomas v. American Express, et. al., No. 97-3272-CIV-GRAHAM (S.D. Fla.).[4] Subsequently, Chief Judge Zloch dismissed the action filed against AETRS and its employees because

---

[4] The first case assigned to Judge Graham, No. 97-2663-CIV-GRAHAM, was dismissed with prejudice for failure to state a claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6). This case related to parties such as Chase Manhattan Bank, Inc., Prudential Securities, Inc., and other defendants not involved in the present action. Judge Graham dismissed Case No. 97-3272 under 28 U.S.C. § 1915(d) based on an allegation that Defendants stole Plaintiff's "missing securities" by giving him mind-altering drugs because "[a] simple reading of the Complaint reveals that this plaintiff has absolutely no chance of succeeding on the merits."

Page 2 of 11

these claims were barred by the doctrine of *res judicata* from the previously-filed state court case. Thomas appealed that decision to the U.S. Court of Appeals for the Eleventh Circuit, and the Eleventh Circuit remanded the case back to the District Court to determine issues related to notice and to correct a case number discrepancy. Chief Judge Zloch granted Final Summary Judgment on the basis of *res judicata* on April 24, 2001. Plaintiff then appealed that decision to the United States Court of Appeals for the Eleventh Circuit, Case No. 01-13293, which affirmed the dismissal.

In addition, in 1997, Plaintiff wrote to the SEC to complain about the "missing securities," and filed a petition for writ of mandamus with the United States Court of Appeals for the Eleventh Circuit to compel the SEC to investigate his claims. The Eleventh Circuit denied that petition and his motion for reconsideration. In re Thomas, No. 99-13646-J (11th Cir. Dec. 2, 1999); No. 99-13646-J (11th Cir. Mar. 3, 2000). Plaintiff then filed a mandamus petition with the United States Supreme Court which was denied. In re Leroy Thomas, 531 U.S. 810 (2000).

In May 2000, Plaintiff filed another action based on the "missing securities." See Leroy Thomas a/k/a LeeRoy A. Thomas, v. United States Securities and Exchange Commission, the Chase Manhattan Corporation, Chase Securities, Inc., Michael O'Conner, and Gregory J. Drejza, Case No. 00-1305-CIV-JORDAN. Plaintiff sued the Chase Manhattan Corporation, Chase Securities, Inc., Michael O'Conner and Gregory J. Drejza for stealing the alleged "missing securities," and attempted again to compel the SEC to investigate his claims under the Privacy Act of 5 U.S.C. § 552(a). Judge Jordan ultimately dismissed the claims against these defendants based on the doctrine of *res judicata*. As to the SEC, Judge Jordan specifically concluded, as a matter of law, that neither the Privacy Act nor any other statute authorized a suit to compel an agency to investigate a particular matter and that permitting Plaintiff an opportunity to amend his complaint would be futile. Plaintiff appealed this dismissal to the Eleventh Circuit, and the decision was affirmed in an unpublished opinion. Thomas v. United States SEC, No. 01-17233 (11th Cir. Jun. 19, 2002). The Eleventh Circuit also denied Plaintiff's petition for writ of mandamus in which Plaintiff asked the

Eleventh Circuit to "compel the district court to compel the [SEC] to conduct an investigation into the securities which are the subject of two district court cases." In re Leroy Thomas, No. 02-11187-E (11th Cir. May 2, 2002). Thomas did not appeal either of these decisions to the United States Supreme Court.

### B. Recent Activity

Prior to filing the current action, in connection with a bankruptcy petition, Thomas moved to compel the SEC to investigate his claims regarding the "missing securities," and claimed that Defendant Gregory J. Drejza had taken fraudulent possession of one million dollars in missing securities. See In re Leroy Thomas, Case No. 02-21615-CIV-MOORE (S.D. Fla. Jan. 31, 2003) (affirming Bankruptcy Judge Cristol's rejection of Thomas's motion to compel an SEC investigation and observing the Eleventh Circuit's holding that "[t]he Privacy Act does not create a cause of action based on a failure to investigate" and dismissing all claims in their entirety). Judge Moore denied Plaintiff's Motion for Reconsideration, and the Eleventh Circuit dismissed this appeal.

Finally, in 2002, Thomas wrote again to the SEC to complain about his "missing securities." In an October 20, 2002 letter, the SEC informed Thomas that it "is unable to provide further assistance" on his complaint. Thomas then attempted to appeal that letter to the Eleventh Circuit to review the manner in which the SEC had conducted an investigation into Thomas's complaint and arguing that the SEC had improperly closed Thomas's case without a proper investigation. See Thomas v. SEC, No. 03-11645-J, (11th Cir. Apr. 25, 2003). The Eleventh Circuit dismissed this appeal for lack of jurisdiction and denied Plaintiff's motion for reconsideration.

### C. First Amended Complaint

In the First Amended Complaint filed with this Court, Plaintiff alleges injuries stemming from the same missing or stolen "securities." Plaintiff alleges that in 1997 he was robbed of $1.8 million of "securities" that the Church of the Nazarene had awarded him to help female victims of violent crime. First, Plaintiff alleges that certain personnel of his former employer, AETRS, hypnotized him, thereby gaining

Page 4 of 11

access to the account numbers of these "securities." Second, more recently, Plaintiff alleges that by failing to provide information about his "securities" to the bankruptcy court, the SEC Defendants caused the dismissal of his Chapter 11 petition and prevented his receiving bankruptcy relief.

### 1. SEC Defendants

Specifically, in **Count I** (5 U.S.C. 552a(d)), Thomas alleges that the SEC "should have" had copies of investment contracts and other documents relating to the "contract" which supposedly awarded him the securities, and other documents relating to the investigation of his claims. **Count II** (5 U.S.C. 552(a)(e)(2)) alleges that the SEC Defendants failed to collect information about Thomas's complaint about his missing securities and demands a writ of mandamus compelling the SEC to conduct a thorough investigation of his claims. **Count III** (5 U.S.C. 552a(g)(1)(D)) claims that the SEC Defendants' position in his bankruptcy, i.e., their opposition to his efforts to compel an SEC investigation of his "missing securities" caused him expense and difficulty. **Count IV** (5 U.S.C. 552a(e)(3) and (e)(5)) states that the SEC Defendants "failed and/or refused to maintain records," and that the October 20, 2002 SEC decision letter which stated that it could provide Thomas with no further assistance was improper. **Count V** (5 U.S.C. 552a(g)(1)(c)) alleges the same failure and/or refusal to maintain records concerning his complaints entitles him to damages because this alleged failure hindered him from filing a bankruptcy petition. **Count VI** seeks to "enjoin [the] manner [in which the] Commission conducts its investigation." Am. Compl. ¶ 22. **Counts VII-VIII** allege that the SEC's refusal to investigate Thomas's claims, not to turn over documents, and to oppose his motion to compel an SEC investigation into his claims deprived him of due process of law under the Fourteenth Amendment and deprived him of unspecified "civil rights."

### 2. AETRS Defendants

The remaining counts focus on the AETRS Defendants. **Count IX** alleges that these Defendants deprived Plaintiff of his civil rights by allegedly hypnotizing him, causing him to reveal account information regarding the "missing securities," and then selling Thomas's securities Am. Compl. ¶¶ 239-40. **Count X**

Page 5 of 11

alleges that these Defendants violated Florida's Blue Sky Law under Florida Statute § 517.301(1)(a)(1-3) based on the same allegations of hypnotism and theft. **Count XI** and **Count XII** allege common law fraud and negligence, respectively, against the AETRS Defendants arising from the theft of Thomas's securities. The Court now examines these allegations to determine whether Plaintiff raised or could have raised them in previously-filed actions, and if so, whether they are thus barred by the doctrine of *res judicata*. In an abundance of caution, if any claim related to the 2002 bankruptcy petition arguably escapes that bar because it accrued after the final Judge Jordan decisions, the Court must determine as to the SEC Defendants,[5] whether Plaintiff fails to state a claim upon which relief can be granted.

## Discussion

### 1. *Res Judicata*

#### A. Standard of Review

Under the principle of *res judicata*, a final judgment rendered by a court of competent jurisdiction on the merits bars the parties to a prior action from relitigating a cause of action that was or could have been raised in that action. See, e.g., Allen v. McCurry, 101 S.Ct. 411, 414 (1980). Once a matter is judicially decided, it is finally decided. Id. A party seeking to invoke *res judicata* must show four elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause of action. See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). If these elements are satisfied and the court determines that the claim in the new suit was or could have been raised in the prior action, *res judicata* applies. See id.

Here, three federal district courts and a bankruptcy court of competent jurisdiction issued final judgments on the merits which the Eleventh Circuit affirmed. Second, the present case involves the same

---

[5] Plaintiff raises claims arising out of his failed bankruptcy petition only against the SEC Defendants

parties or their privies as the previous cases.[6] Finally, the Court found that the causes of action in this case is the same as the previous cases or could have been raised in the previous cases. "Claims are part of the same cause of action for res judicata purposes when they arise out of the same transaction or series of transactions," and two cases are the same cause of action or claim if they arise out of the same nucleus of operative fact. Id. at 1296-97.

### B. *Res Judicata* As Applied to Plaintiff's Claims

With regard to Counts IX-XII against the AETRS Defendants, all requirements necessary for *res judicata* are met. Chief Judge Zloch, Judge Jordan, and United States Bankruptcy Judge A. Jay Cristol (later affirmed by Judge Moore) considered and rejected the allegations in Plaintiff's First Amended Complaint as to the AETRS Defendants (Counts IX-XII). These claims arose from Plaintiff's allegations pertaining to his mind-alteration/hypnotism by the AETRS Defendants and the theft of his "missing securities" awarded to him by the Church of Nazarene to aid the women who have the victims of violent crimes. Thus *res judicata* bars these claims against the AETRS Defendants.

As to Counts I-VIII against the SEC Defendants, *res judicata* bars these claims as well. The failure to collect records, maintain records, and conduct a thorough investigation (Counts I, II, IV, VI); any alleged resulting damages (Counts III, V); and allegations of a Fourteenth Amendment and unspecified civil rights violations resulting from nondisclosure of the "securities" (Counts VII, VIII) were or could have been raised in the proceedings before Judge Jordan or U.S. Bankruptcy Judge Cristol. Specifically, Judge Jordan concluded: (1) as to the claim to compel the SEC to investigate, "the decision as to whether or not to conduct an investigation is committed to the agency's discretion, and any attempt to compel an investigation is barred."; (2) as to relief under the Privacy Act for an alleged failure to maintain records regarding Thomas's complaints, "the Privacy Act does not create a cause of action based on a failure to investigate."; (3) as to

---

[6]Although Chenault was not listed as a Defendant in the previous cases, as the Executive Vice President and Chief Information Officer of AETRS (Compl. ¶ 8), he is a privy of those Defendants.

the claim against the SEC Defendants for failing to give Thomas access to SEC records, "any alleged denial of access to information is not actionable."; and (4) any action against the SEC for damages was barred by sovereign immunity. Or. Granting S.E.C.'s Mot. to Dismiss, Case No. 00-1305 (Nov. 20, 2001). Therefore, all of Plaintiffs' claims against the SEC Defendants are barred by the doctrine of *res judicata*.

## II. Rule 12(b)(6) as Applied to Bankruptcy Petition Related-Claims Against SEC Defendants

In an abundance of caution, assuming *arguendo* that the claims against the SEC Defendants arising from the 2002 bankruptcy petition process escape the *res judicata* bar, Counts I-VIII would still be dismissed for failure to state a claim upon which relief can be granted. Dismissal of a claim is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The Court must accept Plaintiff's allegations in the Complaint as true and view those allegations in a favorable light to determine whether the Complaint fails to state a claim for relief. S & Davis Int'l, Inc. v. Republic of Yemen, 218 F.3d 1292, 1298 (11th Cir. 2000).

Here, Plaintiff's claims against the SEC fail on multiple grounds. First, as part of the federal government, the SEC enjoys sovereign immunity and cannot be sued absent an explicit congressional waiver; Congress has not made such a waiver through the Privacy Act or any other statute. Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965). Second, any agency decision whether or not to conduct an investigation is committed to the sound discretion of the agency, and any attempt to compel such an investigation is barred by the Federal Tort Claim Act's discretionary function provision. 28 U.S.C. 2680(a); J.H. Rutter Rex Mfg. Co. v. United States, 515 F.2d 97, 98 (5th Cir. 1975).[7] Plaintiff's complaint against the SEC Defendants involves the SEC's decision not to investigate Plaintiff's claims and to oppose Plaintiff's efforts to compel an SEC investigation in the bankruptcy petition proceedings. Therefore, as a matter of law, these causes of

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

action and any alleged damages arising from these claims must be dismissed.

Moreover, Plaintiff's claims against the SEC Defendants for failure to maintain records must also fail as a matter of law. The Privacy Act does not apply to records from an SEC investigation.[8] 54 Fed. Reg. 24329 (June 7, 1989). Thus, even if the SEC possessed such records, the Privacy Act would not apply to the SEC. Even if the Privacy Act did apply, records regarding an adverse determination against Thomas must concern his eligibility for benefits or opportunities under a federal program, not for a private suit to recover securities against private defendants. See 5 U.S.C. § 552a(e) and (g). Thomas's allegations do not state that the SEC made an adverse determination based on deficient records it improperly maintained regarding opportunities or benefits under a federal program which proximately caused injury. Therefore, Plaintiff's claim against the SEC Defendants for failure to maintain records must be dismissed.

Next, Plaintiff cannot state a claim for a Fourteenth Amendment[9] due process claim. Several district courts and the Eleventh Circuit have held that the SEC's refusal to investigate Plaintiff's claims cannot state a cause of action against the SEC Defendants. Also, as a factual matter, Plaintiff alleges that others, namely the AE TRS Defendants, deprived him of the "missing securities," not the SEC. Thus, the Fourteenth Amendment claim and other unspecified "civil rights" claims must be dismissed. Tefel v. Reno, 180 F.3d 1286, 1301 (11th Cir. 1999) ("[w]here no deprivation of a liberty or property interest has occurred, no violation of procedural due process has occurred."). Therefore, Plaintiffs claims against the SEC (Counts I-VIII) fail to state a claim upon which relief can be granted as a matter of law, and because any attempt at amendment to cure these deficiencies would be futile, these claims are dismissed with prejudice. Bryant v.

---

[8] SEC investigation files are organized by the subject of investigation and not by the persons making a complaint. See Fed. Reg. 24455 (June 7, 1989) (SEC enforcement files are maintained on persons who have been involved in SEC investigations or litigation, or in activities which violated or may have violated federal securities laws). As the Eleventh Circuit noted, Thomas "never alleged that the documents were in a record that was retrievable by his name." Leroy Thomas v. United States S.E.C. et. al ,Case No. 01-17233 at 19 (June 19, 2002).

[9] The Court construes Plaintiff's challenge as one under the Fifth Amendment against the SEC, a federal entity. See Kay v. IRS, 2001 WL 260041, *5 (D. Nev. Feb. 2, 2001) ("the Fourteenth Amendment does not provide a cause of action against the federal government").

Dupree, 252 F.3d 1162, 1163 (11th Cir. 2001) (denying opportunity to amend when amendment would be futile).

### III. Injunction Against Plaintiff

Finally, the Defendants have filed motions requesting that this Court enjoin Plaintiff from filing further pleadings without leave of court [D.E. 31, 41]. Defendants claim that Plaintiff's pattern of re-argument and re-litigation of an action decided by final judgments harasses and places an undue burden on the Defendants and the court system. The Eleventh Circuit has stated that district courts may require vexatious litigants to seek leave of court before filing further complaints against a party. See, e.g., Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1297-1300 (11th Cir. 2002). The Court noted in Riccard that "three or four lawsuits over one employment relationship is enough." Id. at 1295. Here, several courts have issued final judgments on the merits regarding these same "stolen securities." Plaintiff has filed essentially the same claims arising out of the same "missing securities" multiple times against the same Defendants. Thus, the Court will require Plaintiff to first obtain leave of this Court before filing any claims related to or originating from the "missing securities."

### Conclusion

Because all of Plaintiff's claims in his present Complaint are barred by *res judicata* and/or dismissed for failure to state a claim for which relief can be granted, as a matter of law, it is hereby

ORDERED that:

(1) Defendants' motions to dismiss Counts I-XII are GRANTED WITH PREJUDICE;

(2) Plaintiff is enjoined from filing any further pleading related to or originating from the "missing securities" as described above against, including but not limited to:

a. the Securities and Exchange Commission; or any employee of the Securities and Exchange Commission

b. William H. Donaldson, Commissioner of the United States Securities and Exchange

Commission

    c. Gregory J. Drezja

    d. Kenneth Chenault

    e. American Express, Inc.; or any employee of American Express, Inc.

    f. American Express Travel Related Services, Inc.; or any employee of American Express Travel Related Services.

(3) The Clerk of Court is Directed to STRIKE any pleading filed by Plaintiff against any of the above-mentioned parties in which Plaintiff has not obtained prior leave of Court to file such a pleading. Plaintiff's failure to obtain leave of Court before filing such a pleading may result in the imposition of sanctions.

(4) All other pending motions not otherwise ruled upon are DENIED AS MOOT. This CASE is CLOSED.

DONE and ORDERED in Miami, Florida, this 6th day of May, 2004.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc
All counsel of record.